and may it please the court I'd like to reserve two minutes for rebuttal and I'd like to start off talking about the preparation to inflict serious bodily injury enhancement an additional three levels and a point that is made in my briefs is that that's a pretty high standard it's extreme physical pain contracted impairment requiring medical intervention and it's when you're defining that it's good to consider it with what a mere bodily injury is which is what happened here you know an obvious injury that where you'd seek medical attention so that's a high standard. Judge Curiel imposed this enhancement because he's found that Mr. bodily injury. The government recognizes that the issue here is was there an intent to inflict serious bodily injury. Based on Cruz's testimony and I argued in the briefs that it is clear there was not because there was a fight that was stopped before there was serious bodily injury. When the bloquero said everybody stopped shook hands handed the man back his shirt but the thing that I would like to bring up for oral argument is the import of the video that the government launched exhibit 506 h1 of the actual fight and it adds a little bit more detail to what happened first you watch it closely at seconds 14 25 and 35 the assailants let Mr. Cruz up or even trying to help him up during the fight you'll see it if there was an intent to really hurt this man they wouldn't have let him up they would have smashed his head into an unforgiving cement floor they didn't do that they help him up and the fight just keeps going keeps going keeps going second the fight was ended they yelled 20 seconds on the video before the first law enforcement officer shows up and I submit that's important because it shows an intent to stop the fight before there's any more serious damage not because they have to stop the fight now third thing that's really important about that video is that it shows the fight lasted 55 seconds that's important because when Judge Curiel is recounting what evidence he relied on he talks about the fight lasting two to three minutes now he's recounting Cruz's testimony and Cruz did testify that the fight lasted two to three minutes but it seems strange to say the fight lasted two to three minutes when you've got video evidence it was only 55 seconds that made in question whether or not Judge Curiel had even reviewed the video and I don't know um but the fact is is there if if their serious bodily injury had been administered it would have been an accident that was not the intent and I submit that is clear from the way the parties behaved and with that I'll move on to the the grouping double counting markings um it seems plain under section 3d 1.2c that where one count embodies conduct that is treated as a specific offense characteristic of another they group here bodily injury assault and bodily injury was treated as a specific offense characteristic of extortion they group it should be playing when you look at note 5 to section 3d 1.2 and the example they give where defending is convicted of armed robbery and unlawful possession of a gun because the crime of carrying a gun during the robbery they group at one point um Mr. Gutierrez counsel at er 147 did object to the grouping analysis nonetheless this is about as plain of an error in calculating the guidelines I submit as you can as you can get and the government tries to bring in this Heinz case United States versus Heinz that case is really really distinguishable the the biggest distinction is that in Heinz the question was whether or not they they a gun and a threat to to the president should be grouped if they group them there would be no additional punishment for the gun and they and the court found that to be an anonymous result that's not what happens here the bodily injury gets punished either way so the Heinz case doesn't really do that and frankly it's it's it's kind of a reach um the flip side of this argument is double counting and the government says well double counting is actually the rule but it's note 5 to 3d 1.2 that says that this section 3d 1.2 is designed to prevent double counting of the same harm and again it's the same exact harm the um injury the cruise that's that at issue in both so that's another error there's that's four points right there on the calculation of the guidelines the next issue is aggravated assault whether this should have been a simple assault or aggravated assault that's that's a one point that matters for one point and it's frankly the same point that goes with the grouping analysis so um if you didn't go with mr gutierrez on the grouping analysis then this becomes important if you go with him on the grouping analysis then this doesn't even matter but the key point i'd like to make is if this was felony assault it was as the government argues under california penal code 245 a4 assault with force likely to produce great bodily harm brings me back to my original point if there had been great bodily harm that would have been an accident um the last point that i would like to address is the failure of judge curials failure to review the entire record and i submit that considering the nature and circumstances of an offense under 18 usc section 355 3a requires that you be familiar with the offense this isn't a or you have a discrete thing that the defendant says i did this is a trial it's an organic hole and to say that you're just going to rely on what the parties point out to you is to is to basically say that some parts of the trial aren't that important and it's even more important in a case like this where you have a jury returning a general verdict yet you're going to sentence the man on a bunch of different crimes that were never found by the jury council didn't didn't both sides agree to that arrangement or am i missing something i think it's ambiguous from the defense side the um there's never an affirmative agreement to this arrangement on the defense side and there's a point where when um the prosecutor is trying to convince judge curio that he really does want him to review the entire record he says something to the effect of i want you to review the entire record just like um like defense counsel um i think it's ambiguous on defense counsel's side your honor um and it could have gone either way um and because this is you can't really say that the defense counsel objected no no he did he did i cannot say that so what's the plain error in a judge not sua sponte reviewing the entire record on resentence and that's that's a steep hill for you yeah i don't believe that it's sua sponte when the other side and that's a it's a really novel question and i couldn't find any case law on it if the ausa to say a judge you have to review this you have to review this and the judge doesn't do it are we as the defense now on plain error and i i didn't find anything addressing that except that the purpose of plain error is to force people to bring up issues so the court can correct it in real time this was brought up in real time and it was not corrected so um but the plain error here is just what i've been is a lot of what i've been going through and it's in my briefs and i can go through it here too and that is the judge relied on cruz's testimony and he recounted it when he sentenced mr gutierrez and cruz's testimony had a lot a lot of problems but it was scattered throughout the entire record so if you're going to base you know whether or not this is aggravated or misdemeanor assault if you're going to say this was an extortion that mr gutierrez ordered or that he ordered it in the day room so that everybody else could see you're relying on cruz's testimony and if the court doesn't understand that cruz's testimony was severely undermined to the point where the district judge who actually listened to him testify said i find he's not credible that's that's really problematic because these are these are what prevented the defense council from raising that specific issue nothing yeah i mean it seems to me on plain error that's why it's a it's a tough haul for you uh because if uh there had been an objection or if you say i i need to call this to your attention that's one thing um but if you're saying there are nuances in that he should have picked up on uh that's difficult under plain errors and i understand that and that is why i started with my guideline arguments because i think that this case should be reversed because the guidelines were calculated incorrectly when this case goes back down these issues can be addressed we can say judge curial you didn't this was not presented to you this was not presented to you you can also present the argument for the clear and convincing standard of proof in the first instance in the district court so it's not a plain error issue i that that argument's in there i obviously believe in the argument but we're in a difficult spot because it's a hard argument to make in the first instance second it's um it's plain error so but i think the guidelines errors here are significant they're sufficient they make a big difference every judge who sentenced mr gutierrez has sentenced him right to the middle of the guideline range so even an offense level movement of one makes a difference to the likely sentence council council the original sentence was 240 months and now it's 189 assuming that we would agree with your entire analysis what would the new sentence be 120 to 150 months thank you you're welcome and with that and that's that's assuming a four level reduction i get the three and then another one and that's so then that's the range and with that unless there's any additional questions i i will reserve the balance of my time very well i'll hear from the government good morning your honors may please the court mark ray for the united states i'd actually i'm going to start right off where a council ended on this failure to review the entire record obviously a court is only supposed to be familiar with the relevant parts of the record not every aspect of the record here defense had three months between february 2019 and the actual resentencing in may 2019 to reduce whatever facts that he thought would help this client be it impeachment or be it substantive and the record shows that defense counsel filed plenty of papers there's absolutely no reason why any of the points that brand new counsel on appeals making couldn't have been raised below and to that point i would ask this court to look at excerpt of record page 11 defense counsel below during the resentencing hearing this is a direct quote it has been a very thorough amount of information provided to the court and the court has also requested us to be thorough in an attempt to obtain all the information to do this resentencing appropriately so i don't think he and his judge it has been pointed out excuse me on plain error review there is no plain error here really what this is it's an ineffective assistance to counsel claim being masqueraded as an attack on the judge because everybody had their chance all the court asked was that the parties bear their respective burdens of proof and again three months there's absolutely no reason any of that couldn't be done and as we also point out in our brief you know a lot of the points the defense counsel makes judge curiel was aware on resentencing the fact that judge gonzalez found at the first sentencing that she had problems with uh some of everest cruise credibility she immediately said the next breath but it's not the only evidence we have corroboration here you've got wiretap calls reflecting that gutierrez had significant leadership you have a wiretap or a letter from pablo franco saying my friend out there he's got he's got our you know he's in charge i mean he's got this taken care of and you had expert testimony that that's referring to gutierrez so there's no reason to uh reverse on that point and unless the court has further questions on that i'll proceed to the uh the guidelines points please okay starting with the uh serious bottle injury i think one point i mean defense council makes a lot of interesting points they all would have been great in the first instance before the district court but this court has to recall that this is an abusive discretion standard here and the factual findings are reviewed for clear error that's an extremely difficult standard of review here the plain language of the relevant guideline definition i think my opponent he kind of blurs blurs that he says oh extreme injury protracted impairment of organs hospitalization those are all listed in the disjunctive when you see that application note uh 1l it says any injury involving extreme physical pain now everest cruise testified in this testimony went undisputed that the mexican mafia has different kinds of green lights some are to kill some are not he said this was not so all this argument about oh well they stopped the fight i mean we submitted that video you know if i'm sure the panels watched it you watch it again it probably felt like two to three minutes to everest cruise at the time yes it was 55 seconds but what it shows is not one but two and at some point he's on the ground it even looks like they might be kicking him he can't see what's coming the intent needs to be to cause serious bodily injury i don't think it's a illogical conclusion of judge correa which again is the standard of review here that when two separate assailants are beating on somebody's head with their fists for 55 seconds that there was an intent to cause a serious injury and remember this is the mexican mafia do we honestly think that they're going to control all the drug trafficking all the latin gangs in southern california if the idea is oh you know what if you don't pay your taxes they'll just slap you around a little and nothing bad will happen to you this evidence speaks for itself and certainly judge curiel did nothing illogical and that's you know this isn't de novo again mr miller's an points below who knows maybe the judge goes the other way but on this record there's plenty of factual evidence to support at least an intent to cause a serious bodily injury and the last point i want to make on that is that this enhancement there's a big difference between the intent and the effect a simple example if somebody wants to do a drive-by shooting lowers the window shoots at the victim and the bullet only grazes the victim's ear that's a de minimis injury but clearly the intent is separate so here just because evers cruise you know he's a tough guy he ended up the pictures are there bruises cuts that definitely satisfies the injury the district court could infer an intent to cause at least extreme pain otherwise the mexican mafia they they sure wouldn't be too scary to people moving on to the grouping analysis now grouping is and i i want to make the government's point i mean there was no objection to the specific arguments being made on appeal and so by that standard to just object under grouping generically is not to say oh there's double counting with the bodily injury or that the group should be merged as this court is well aware its jurisprudence says not only is the failure to make an objection result in plain error so is the failure to make a specific objection and i would note that uh even elsewhere at page 16 of his reply brief my opponent even says and this is a quote plain error review is applied to encourage the parties to make timely objections so the trial court can erect its errors to avoid an appeal here judge curiel was given absolutely no advanced notice that this was the problem in the first sentencing had multiple groupings as well so with plain error review under united states versus salapa which is cited in the government's brief the question is this error has to be so plain so obvious any competent district judge should be able to avoid it without benefit of objection and the government would respectfully submit that that high standard is not met here first is your point no actually i'm not i mean i'm saying that there's no error and it's certainly not plain because i mean here why there's not error during the standard of review on this because it would appear that there's some double count well but again there's double counting in this circuit and there's impermissible what the court says you know and my opponent has he's got the flip side of the same coin argument his first his first one is that the group should be merged and i cited united states versus heinz as an example i know he gets caught up on the facts of that case what it holds as a matter of law and what the commentary to 3d 1.2 says is that it basically groups should be merged if the conduct is co-extensive here the aggravated assault group was for the assault of everest cruz in january 2011 and that alone the extortion group was not only that assault the purpose of which was to get the west side gang to pay their delinquent taxes to the mexican mafia the record shows that defendant gutierrez was involved in many other ways in extortion he directed where the payments of taxes would go he assigned who in the vista detention facility would collect those taxes and he notified inmates from outside when the amounts changed so if we want to say what is the obvious error here i think it's within the court's discretion especially had this been brought up below to say look this the offense conduct for both groups is not substantially identical and on as far as the other argument as far as counting the injury twice the guidelines are this court's jurisprudence even colosa or calaza which my opponent relies on says the same act can count for separate enhancements so long as the enhancements go to separate harms caused by that injury and as you know we argued in our brief i mean each enhancement has to serve a unique purpose a different aspect of the harms cause the aggravated assault to everest cruz was purely physical and he was the only victim of that but for purposes of the extortion group again it's not an illogical conclusion from this record to say well they're extorting not just him but anybody else because it's the other people in the west side gang who end up repaying that tax so you victimize you attack him in the jail directly but the victims are the entire west side gang and not only that this assault for purposes of the third group is a strictly physical harm the government would submit it's not an illogical conclusion to say for purposes of the first group there's both financial and physical harm because it's extortion so for that i mean i recall correctly that wasn't the argument made by the government below correct okay no because this wasn't this wasn't made below you know the the probation officer we're faced with this circumstance assuming and of course i i'm not saying that plan error doesn't apply i'm just talking about whether it's error or not the government didn't argue a separate harm it only argued argued about the harm of the physical assault so uh leaving your your other argument aside doesn't that leave us in the position where in fact the district court was double counting on this but again i wouldn't say impermissibly your honor because we still have these other rules even on the most preserved record in the world you know i think it's one b one of those application notes specifically says in 1b 1.1 note 4b that enhancements under chapter two are to be applied cumulatively and may be triggered by the same conduct so here when the district court or first the probation officer and then the district court followed that reasoning you're going through the the separate chapters separate parts of chapter two one of those is the extortion group another is the aggravated assault if i'm a judge and i'm applying that or the court you know it says apply cumulatively i think my point is i mean double counting is not obvious the only way to hash out whether it's impermissible or not is to then bring up these concerns well you know defense very easily below could have said i think this is double counting the judge would have said why let's look at the law so here since there was no objection below the probation officer in the court adopted the position that we wanted them to i don't think it was incumbent on the you know the prosecutor below to to lay a record for some that might possibly which as it has been be brought on appeal okay i understand sorry i thought no you should uh you're running out of time so i want you to get one point you want to make no i appreciate that and i i mean i you know again with the the point being here on a plain error review was there an error that was so plain so obvious and you know also to that point on the big picture i think it was brought up earlier you know this defendant got a i believe a 51 month sentence reduction judge curiel you know methodically gave him a fair shot he went through all the record he did not just apply the same sentence as the last time i mean you know months went by all of these arguments could be brought up and again you know i just think on plain error view if it's to anything you know a district judge should be given a chance to address these kinds of arguments in the first instance and um as far as aggravated assault grouping i know my opponent he basically reiterated the same points that he made that somehow you know when two people beat on somebody with their fists for 55 seconds that that somehow doesn't amount to an aggravated assault you know penal code 245 is very clear the cases we cite them in our brief that that felony that phlonies conduct can be supported by exactly the conduct that happened here so your honor again i i think with with the arguments raised just i don't want to sound like a broken record but again even my opponent says on reply page 11 the whole point of plain error view is to give the district judge a fair chance here all the arguments that were brought to the judge curiel's attention were addressed and on that level of review we believe that the uh the sentence should be affirmed uh do you want to get to the ponderance issue to oh the preponderance yes versus yes versus clear convincing with that your honor i think that is basically law of the case the first appeal united states versus barrigan the published case held that you know the extent of a conspiracy there's a multi-factor test the court laid that test out and said it's long been our practice that you only need to prove these facts by a preponderance when they go to the scope of a conspiracy that should seem to be not only law of the case but also binding simply because it's a precedential opinion and i think we even point out in the all to the extent all the evidence cited for the enhancements in this case came from sworn trial testimony or videos or undisputed wiretap points so i mean the extent you want clear convincing evidence it's there i mean you know the court was basically judge curiel is simply following the uh the mandate as it came to him from the original opinion and i think the last thing i see at 12 seconds i'm not sure i think my opponent maybe refer to the sixth amendment point in the special verdict this sentence is below 20 years 20 years is the stat max with no special findings so there are no sixth amendment concerns even possible on this record thank you with that i guess the government would submit thank you your honors your rebuttal yes your honor briefly um and it's really only one point that i would like to address and that was um there's a government suggested that the mexican this is on the on the preparation to inflict serious bodily injury and the government's suggesting that the mexican mafia would not be scary if they're really not out to try and and hurt you um to that i just want to point out again that the government pointed out that there's various levels of green lights and the facts are what the facts are we actually have a video of what happened and we know that they stopped the of anything like a serious bodily injury happening but my bigger point is if you lop off the arms or kill all your minions you're not going to be able to do that much you a lot of times you're you're trying to keep them in line but you're not trying to seriously hurt them and that is just what was happening here and mr cruz went back out on the street when this was done and i can't remember his colorful way of putting it but back to slinging extorting and beating people so um yeah i i i don't need to make light of the serious allegations in this case i and i'm not doing that is not my intent at all my intent is to say this particular setting in this particular instance these gentlemen are not trying to inflict a serious bodily injury they're not using weapons that are available if they had intended to they could have and if you look at the video it is clear that they could have and they chose not to and so that enhancement should not apply and with that unless there are any questions i will submit thank you counsel thank you both for your arguments today the case just argued will be no proceed to the next case on the oral argument calendar
judges: O'scannlain, Thomas, Ezra